## Darling Brothers Company *vs.* David C. Babcock, Trustee.

### WASHINGTON—APRIL 12, 1905.

#### Present:  Douglas, C. J., and Dubois, J.

(1)  *Equity.  Liens.  Trusts.*

Where property was conveyed to a trustee, to carry on the hotel business for the benefit of the grantor's creditors, the deed providing that the trustee should have power to make purchases necessary for conducting the business, which contracts should constitute preferred claims against him as trustee, and against said property, upon a bill brought by a creditor who supplied goods to the trustee, praying for an accounting of his claim and that the debt might be charged upon the trust property in the hands of the trustee, the complainant has no superior equity over the other creditors of the same class, his right being based wholly upon the priority of claim upon the fund given by the terms of the trust deed to the class of creditors of which he is a member.

(2)  *Equity.  Liens.  Trusts.  Counsel Fees.*

Where a bill in equity is brought by one of a class of creditors to enforce his right in a trust fund, no superior equity appearing in favor of the com-

plainant over the other creditors of the class, the complainant will be allowed his taxed costs and a reasonable counsel fee out of the fund and the balance will be distributed pro rata among the other members of the class.

BILL IN EQUITY to enforce a lien. Heard on exceptions to report of master, and exceptions sustained.

DOUGLAS, C. J.   This suit was brought by a creditor to enforce a lien upon property held in trust under a deed from Caroline E. Hale to the defendant, dated December 30, 1899. This deed conveyed to the defendant two certain tracts of land, with a hotel thereon, situated at Watch Hill, Rhode Island, together with certain personal property in and about said hotel, in trust, to carry on the hotel business there for a certain time and on certain conditions, for the benefit of the grantor's creditors, who, it is recited, assented to the arrangement.

The deed provides, amongst other things, as follows: "Said trustee shall have full power to employ all necessary help, servants and assistants, to purchase all things necessary for running said hotel, food, drink, furnishings, furniture, and supplies of all kinds, to make necessary repairs to both the real and personal property, and to make contracts for the same which shall constitute preferred claims against him as such trustee and against said property."

The bill alleged that the defendant accepted said trust and took immediate possession of the premises and ran the hotel in accordance with the provisions of the deed until the time of the filing of the bill; that the debt to the complainants was incurred for goods used in the running of the hotel, and that the defendant has refused to pay the same; and further, that the defendant is not under any bond to faithfully execute the trust aforesaid, and is now actively engaged in business in the city and State of New York, occupying all his time.

The relief prayed for is that an account may be taken of the complainants' claim, that a decree may be entered charging the debt upon the trust estate in the hands of the defendant, that he be ordered to pay the same out of any trust money in his hands, and if this be not sufficient, that he be required to

sell so much of the trust property as may be necessary to pay the said claim, and that the defendant be required to give bond to the court that he will apply the proceeds of such sale to the purposes mentioned in the trust deed, and that the defendant be enjoined from selling or disposing of the trust property until further order of the court.

A preliminary injunction was issued in accordance with the prayer of the bill December 15, 1903, and this injunction was continued in force, after hearing, December 29, 1903.

The defendant did not answer the bill owing to a defect in the subpœna, which he considered himself entitled to take advantage of, and a decree *pro confesso* was entered against him, February 14, 1904, which was followed by two decrees granted on *ex parte* application, by a single judge, February 25, 1904. In the meanwhile the mortgagees of the real estate had advertised the same for sale, under their powers of sale, and it was apparent that these claims would exhaust the realty; hence these decrees were drawn so as to relate to the personal property only.

The first decree declared the amount of the complainants' claim to be $1,030.00, and that the same is a lien upon the personal property conveyed to the said Daniel C. Babcock as trustee, by Caroline E. Hale, under deed dated December 30, 1899, and all personal property held by the trustee and placed upon the premises by him by way of addition to the same or to replace articles injured or destroyed.

The second decree, after reciting the lien, directs the personal property to be sold to enforce and satisfy the same and appoints John W. Sweeney, who is a standing master in chancery, to sell the same, and directs him to apply the proceeds of sale, after deducting expenses, to the payment of the complainants' claim and the balance to pay into the registry of the court.

March 5, 1904, by agreement of counsel, the second decree was modified so as to direct the master, instead of paying the claim of the complainants, to hold all the proceeds of the same subject to the further order of the court.

The cause then came on to be heard by the full court on the application of one creditor, on behalf of himself and all the

other creditors preferred by the trust deed, to be made parties to the suit, and a decree was entered April 11, 1904, which provided:

"That the creditors of Daniel C. Babcock as trustee under the deed of trust from Caroline E. Hale to said Daniel C. Babcock, dated December 30, 1899, may upon their appearance in said cause become a party thereto and to the distribution of the proceeds of sale of the trust property mentioned in said deed, as their rights may appear. Which said proceeds are now in the hands of John W. Sweeney, master in chancery in said cause.

"That said John W. Sweeney, master in chancery, notify by letter the creditors of said Daniel C. Babcock as trustee, as the same are set forth to him in the affidavit of said trustee now on file in said cause, to appear before him upon a day certain by him to be fixed and then to make proof of their respective claims.

"That said master in chancery shall determine the amount of said claims and the priority or priorities thereof and report the same to this court."

The master filed a report November 14, 1904, in which he states that he sold the property, less expenses, for $2,530.97, received interest at bank of $33.74, and deducting from this amount, $2,564.71, his charge of $100.00 for services, holds a balance of $2,464.71. He also reports that claims of creditors have been allowed by him amounting to $4,490.49, and that out of the sum in his hands the complainants are entitled to have their claim paid in full and the rest of the creditors should share *pro rata* in the balance. He bases his allowance of priority to the complainants upon the fact that they brought the suit and thus secured the fund for the benefit of the others.

To so much of this report as awards priority of payment to the complainants the other creditors have duly excepted, and these exceptions are now before the court.

(1)   The grounds of these exceptions are two-fold, it being urged, first, that the court has already by its action decided against the complainants' claim to priority; and secondly, that such claim is unfounded in law, if the question is still open.

The first contention is not sustained by the record nor by the recollection of the surviving judge who sat when the decree was entered. The question of priority was left open till the coming in of the master's report, and this question is now before us upon exceptions to the report.

As suggested by the complainants' counsel, the trust deed gives priority over Caroline E. Hale's other creditors to the creditors of the trustee as a class, but makes no distinction between the members of this class. Whether a particular creditor of the trustee is entitled to a preference, owing to peculiar circumstances, depends upon equitable rules and principles. He argues, therefore, that equity gives his clients such a preference, and cites numerous cases in which such a preference is given to a creditor out of the equitable assets of his debtor.

In one class of these cases a judgment creditor discovers assets of the debtor which can not be reached at common law, and, having obtained a priority by his common-law attachment is allowed to retain it in equity. In another class where the creditor could not proceed at law against his debtor, but is permitted to proceed in equity against equitable assets because the debtor has absconded without leaving legal assets, the creditor who first established a lien upon these assets is given a prior claim upon them.

Again, it is true that where the claim is made upon a trust fund and it does not appear that there are other creditors, or where it does appear that the fund is sufficient to satisfy all claims, the complainant creditor, when he establishes his claim, will be entitled to immediate payment out of the fund.

The present case does not come within either of these classes. The proceeding is not for the purpose of applying the equitable assets of a debtor to the payment of his debts. The fund in this case is not the property of the defendant, and the debts are not those contracted by him as an individual. The bill is not to enforce a private and personal liability.

It is not alleged that the trustee is an absconding debtor; on the contrary, the record shows that he has appeared and asked to have the decree *pro confesso* against him reversed, and

that he should be allowed to answer. If the complainants desired to proceed against him personally at common law, they could have had process served upon him by leaving a copy of their writ at his place of abode in Westerly. The complainants' right to recover in this suit is based wholly upon the priority of claim upon this fund which is given by the terms of the trust deed to the class of creditors of which they are members. The lien is created by the deed, not originated by this proceeding. The fund is one not discovered by the petitioners nor saved by their exertions.

It further appears by the master's report that the fund is not sufficient to pay all creditors of the preferred class in full.

(2)    In our opinion, therefore, the complainants have no superior equity to the other creditors which may not be satisfied by their taxed costs and the allowance out of the fund of a reasonable counsel fee.

The exceptions are sustained, and a decree may be entered confirming the master's report in other respects, allowing the complainants their costs and a reasonable counsel fee out of the fund, and directing the distribution of the balance of the fund in the hands of the master *pro rata* amongst the complainants and all the other preferred creditors who have proved their claims.

*John W. Hogan, Edward M. Burke, and Philip S. Knauer,* for complainants.

*Albert B. Crafts,* for respondent.